IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Case: 1:22–mj–00184 |
| : | Assigned To : Magistrate Judge Meriweather, Robin M. |
| v. : | Assign. Date : 8/16/2022 |
| : | Description: Complaint w/ Arrest Warrant |
| : | **VIOLATIONS:** |
| BENJAMINE COLE : | |
| (COUNTS 1,2,3) : | 18 U.S.C. § 231(a)(3) |
| BRIAN PRELLER : | **(Civil Disorder)** |
| (COUNTS 1,2,3) : | 18 U.S.C. § 1752(a)(1) |
| JOHN EDWARD CROWLEY : | **(Entering and Remaining in a Restricted** |
| (COUNTS 1,2,3) : | **Building or Grounds)** |
| JONATHAN ROCKHOLT : | 18 U.S.C. § 1752(a)(2) |
| (COUNTS 1,2,3) : | **(Disorderly and Disruptive Conduct in a** |
| TYLER BENSCH : | **Restricted Building or Grounds)** |
| (COUNTS 1,2) : | |
| Defendants. : | |
| : | |

## MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Statement of Facts in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that on January 6, 2021, these five individuals engaged in criminal behavior in connection with the riot at the U.S. Capitol on January 6, 2021. Specifically, the first four named individuals (Cole, Preller, Crowley, Rockholt) are each alleged to have knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers while the law enforcement officers were engaged in

1

the lawful performance of their official duties incident to and during a civil disorder, and that this civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce, in violation of 18 U.S.C. § 231. The five individuals, including Bensch, are also alleged to have knowingly entered or remained in a restricted building or on restricted grounds without lawful authority to do so in violation of 18 U.S.C. § 1752(a)(1). The five individuals are further alleged to have engaged in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds at a time that such conduct, in fact, impeded or disrupted the orderly conduct of Government business or official functions; and did so knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, in violation of 18 U.S.C. § 1752(a)(2).

2.  The Statement of Facts in Support of Criminal Complaint references evidence gathered in the course of the investigation, including the use of a digital device in furtherance of the crime. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, which also may lead to the destruction of evidence in other locations including the digital device. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3.  As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" <u>Id.</u> at 290 (quoting <u>Oregonian Pub. Co. v. United States Dist. Court</u>, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4.  In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that

2

filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of <u>Washington Post</u> would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Statement of Facts in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest her.   Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Statement of Facts in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:     <u>/s/ Sean Murphy</u>
Sean Murphy
D.C. Bar No. 1187821     (Detailee)
Assistant United States Attorney
6001 D Street, N.W.
Washington, D.C. 20530
(787) 221-6077
Sean.murphy@usdoj.gov